UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JENNIFER M. HYKES,

    Plaintiff,

Case No. 8:20-CV-00806-TPB-SPF

v.

THE SCHOOL BOARD OF
PINELLAS COUNTY, FLORIDA,

    Defendant.
_____/

**DEFENDANT'S MOTION TO DISMISS COMPLAINT**

Defendant, The School Board of Pinellas County, Florida ("Defendant" or "School Board"), by and through its undersigned counsel, moves pursuant to Rule 12 (b)(6) of the Federal Rules of Civil Procedure, for dismissal of all counts because the complaint fails to state a claim upon which relief can be granted and Defendant is entitled to judgement as a matter of law, and as support therefore, states as follows:

*Standard for Dismissal Under Rule 12(b)(6)*

A motion to dismiss tests the sufficiency of the complaint and the Court must accept the truthfulness of the facts pled. However, the Court is not required to accept the veracity of legal conclusions. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2008) ("The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.") *citing,* Bell Atlantic Corporation v. Twombly, 550 U.S. 544 (2006).

Rule 8(a)(2) 0f the Federal Rules of Civil Procedure requires the Plaintiff to plead facts which could plausibly lead to conclusion that they are entitled to relief.

Id. at 557.

**Count 1 of Plaintiff's Complaint**

Count I of Plaintiff's complaint is brought under 42 U.S.C §1983 ("Section 1983") and alleges a deprivation of the Plaintiff's liberty interest under the Fourteenth Amendment to the United States Constitution. The facts supporting Plaintiff's legal theory appears to be that a "Conference Summary" or some other document was placed in the Plaintiff's personnel file which defamed her reputation. The complaint further alleges that the School Board has a policy "of not including employee responses to allegations made by Defendant in their personnel files." Complaint at ¶ 39. For the following reasons, Plaintiff's complaint fails.

*1. Complaint Must be Dismissed for Lack of Subject Matter Jurisdiction*

In McKinney v. Pate, 20 F.3d 1550 (11th Cir. 1994), the Court held that the district court lacked subject matter jurisdiction to consider procedural due process claims in employment matters because Florida law provides a remedy in circuit court. While the McKinney decision addressed a property interest due process claim, the holding applies equally to a liberty interest due process claim. Cotton v. Jackson, 216 F.3d 1328, 1331 (11th Cir. 2000). The "inability of the Plaintiff to allege that the State of Florida has refused to make available a means through which to remedy Plaintiffs' alleged deprivation is fatal to Plaintiffs' due process claim." Gainer v. City of Winter Haven, 134 F. Supp. 2d 1295, 1305 (M.D. Fla. 2000). *citing*, Henniger v. Pinellas County, F. Supp. 2d 1334, 1338 (M.D. 1998). *See also*, Boatman v. Town of Oakland, 76 F.3d 341, 346 (11th Cir. 1996). "Florida circuit courts have routinely reviewed Florida school

board decisions involving the termination of an employee…. Thus, a state court remedy was available to Plaintiff, but she failed to pursue it." McCarty v. Lake Wales Charter School, 2006 U.S. Dist. Lexis 69973 *15. (M.D. Fla. 2006). Plaintiff has remedies available under Florida law for a "name clearing" hearing and therefore this Court lacks subject matter jurisdiction and the complaint should be dismissed.

### 2. *School Board is not Liable Under Section 1983 Absent an Official Policy Causing Plaintiff's Harm*

Plaintiff's complaint also fails because it does not identify an official policy or custom of the School Board responsible for Plaintiff's alleged injury as required under the holding of Monell v. Department of Social Services, 436 U.S. 658 (1978) where the U.S Supreme Court held:

> We conclude, therefore, that a local government may not be sued under §1983 for an injury inflicted solely by its employees or agents. Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under §1983.

Id. at 694.

Plaintiff simply alleges, without any factual support, that the School Board has an official custom or policy to exclude employee responses to allegations from being placed in their personnel file. Specifically, the complaint alleges:

> "Defendant's officials were acting in conformity with Defendants custom and policies …and the aforementioned employment practices of Defendant are so persistent, widespread and repetitious that Defendant policy makers either knew or should have known of the unlawful employment practice."

Complaint at ¶ 39.

3

The conclusory statement that there exists an employment custom or policy of the School Board which caused the harm alleged, is not pled sufficiently to overcome a motion to dismiss. "Such conclusory and unsupported allegations are insufficient as a matter of law and are routinely dismissed." Andrade v. Miami Dade County, 2011 U.S. Dist. Lexis 105624 *23 (S.D. Fla 2011).

Absent an official policy of the School Board responsible for the alleged harm to Plaintiff, the complaint would need to identify an unofficial custom or practice through the repeated acts of a final policy maker. The final policy maker must in fact know of the custom and must actually approve it. Gainer v. City of Winter Haven, 134 F. Supp. 2d 1295 (M.D. Fla. 2000) *quoting*, Gattis v. Brice, 136 F.3d 724,727 (11th Cir. 1998). There must be subjective knowledge by the final policy maker which is the School Board. Plaintiff merely alleges that policy makers "either knew or should have known" of the practice. The only fact alleged to support Plaintiff's conclusion that the School Board had an unofficial custom or practice prohibiting an employee from submitting information for inclusion in their personnel file is where Plaintiff alleges an unidentified person told her that "there is no reason to provide a written response" or "a response is not needed." Complaint at ¶¶ 28, 33.

The Plaintiff cannot, in good faith, allege facts demonstrating that the School Board knew and approved of a practice which would have excluded Plaintiff from including a response in her personnel file because the official policy adopted by the School Board provides otherwise. In considering this motion to dismiss, it is appropriate for this Court to take judicial notice of the School Board's actual policy because it is publicly available and not reasonably subject to dispute. Bryant v. Avado Brands, Inc. 187 F.3d 1271 (11th Cir. 1999). The duly adopted policy of the agency contradicts the allegation in the complaint as

4

it specifically requires that personnel files be maintained in accordance with Florida law. It states:

> School Board Policy 1590--- Personnel Files
>
> (1) It is necessary for the orderly operation of the School District to maintain an information system for the retention of appropriate personnel files.
>
> (2) The term personnel file shall be defined as all records, information, data, or materials maintained by a public school system, in any form or retrieval system whatsoever, with respect to any of its employees, which are uniquely applicable to that employee, whether maintained in one (1) or more locations.
>
> (3) Pursuant to state law, the resignation or termination of an employee before an investigation of alleged misconduct by the employee affecting the health, safety, or welfare of a student is concluded must be clearly indicated in the employee's personnel file.
>
> (4) The personnel files shall be administered pursuant to the provisions of F.S. 1012.31.
>
> F.S. 119.01 et seq., 1012.31

Therefore, even if the supervisor did not accept the Plaintiff's rebuttal as alleged, her failure to do so was in violation of the School Board's official policy, not in conformity with it.

### 3. *Count I Fails Under the "Stigma Plus Test*

Plaintiff's §1983 claim is premised on a theory that there are false statements of a stigmatizing nature in Plaintiff's personnel file affecting a liberty interest in her reputation. The claim fails because it does not satisfy the "stigma plus" test developed by the United States Supreme Court in Paul v. Davis, 424 U.S. 693 (1976) where the Court held that a procedural due process claim under §1983 required a Plaintiff to prove defamation plus a violation of a tangible interest.

Id. at 711.

The complaint must allege facts which could plausibly prove that there exists: (1) a false statement (2) of a stigmatizing nature (3) attending a governmental employee's discharge (4) it was made public (5) by the governmental employer (6) without a meaningful opportunity for employee name clearing. <u>Cannon v. City of W. Palm Beach</u>, 250 F.3d 1299, 1301 (11th Cir. 2001) *citing*, <u>Von Stein v. Brescher</u>, 904 F.2d 572, 582 (11th Cir. 1990) ("We do not think the law of this Circuit has established that defamation occurring other than in the course of dismissal from a job or in the termination or significant alteration of some other legal right or status will suffice to constitute a deprivation sufficient to state a claim under section 1983.")

Here, the "stigma plus" test is not satisfied because the Plaintiff was not discharged from employment. Even if this Court were to accept the internal contradiction in Plaintiff's complaint equating the non- renewal of a contract to a termination, (*See*, Complaint ¶ 29-30), the complaint fails because under Florida law only the School Board can terminate an employee. The applicable portions of Florida's K-12 Education Code State:

1001.42. Powers and duties of district school board

    The district school board, acting as a board, shall exercise all powers and perform all duties listed below:

...

(5) PERSONNEL.—

(a) Designate positions to be filled, prescribe qualifications for those positions, and provide for the appointment, compensation, promotion, suspension, and dismissal of employees, subject to the requirements of chapter 1012...

**1012.22 Public school personnel; powers and duties of the district school board**

(1)(f)*Suspension, dismissal, and return to annual contract status.*—The district school board shall suspend, dismiss, or return to annual contract members of the instructional staff and other school employees; however, no administrative assistant, supervisor, principal, teacher, or other member of the instructional staff may be discharged, removed, or returned to annual contract except as provided in this chapter.

The complaint does not allege that there was final agency action by the School Board terminating the Plaintiff and accordingly, the complaint must be dismissed.

**First Amendment Claim under Count II Must be Dismissed**

Under Pickering v. Board of Education, 391 U.S. 563 (1968), speech by a government employee enjoys First Amendment protection only if the employee speech relates to a matter of public concern. Id. at 568. Plaintiff's complaint, viewed in the best light possible in favor of Plaintiff, states that she was terminated because she told her supervisor that Florida law authorized her to include a response to a "Conference Summary" in her personnel file. Whether speech constitutes a matter of public concern is a question of law. Connick v. Myers, 461 U.S. 138, 148 (1983) ; *Beckwith v. City of Daytona Beach Shores*, 58 F.3d 1554, 1564 (11th Cir. 1995). Connick, requires that content, form and content should be considered in determining whether employee speech is a matter of public concern. In Connick, the employee was a district attorney dissatisfied with a decision to transfer her to another division of the criminal court. The Court noted that the speech – involving a questionnaire circulated to the co-workers – occurred on the heels of the transfer decision and was in essence an internal employment dispute. The Court stated:

> "We hold only that when a public employee speaks not as a citizen upon matters of public concern, but instead as an employee upon matters only of personal interest, absent the most unusual circumstances, a federal court is not the appropriate forum in which to review the wisdom of a personnel decision taken by a public agency allegedly in reaction to the employee's behavior."

Id. at 147.

In the present case, Plaintiff complains that she was involved in a disciplinary meeting and was not able to sufficiently rebut the allegations by placing a response in her personnel file. Even if

true, the contents of Plaintiff's personnel file "cannot be fairly considered as relating to any matter of political, social, or other concern to the community" warranting First Amendment protection. Connick, at 146. While the complaint alleges that the speech at issue was Plaintiff's concern over her supervisor's compliance with Section 119 Fla. Stat. the context proves otherwise.

Wherefore, Defendant, The Pinellas County School Board respectfully requests that Plaintiff's complaint be dismissed.

LAURIE A. DART
Staff Attorney
301 4th Street SW
Post Office Box 2942
Largo, FL 33779-2942
Tel: (727) 588-6221
Fax: (727) 588-6051
USDC ID: 26926
FBN: 546798
Email: dartl@pcsb.org (primary)
Email: ansonb@pcsb.org (secondary)

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on June 3, 2020, the foregoing was electronically filed with the Clerk of Court via the CM/ECF system and by U.S. Mail to Patrick K. Elliott, PLLC, 100 S. Ashley Drive, Suite 600, Tampa, FL 33602.

Laurie A. Dart, Esquire

8