UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JENNIFER M. HYKES,

    Plaintiff,

v.                                           Case No. 8:20-cv-806-T-SPF

SCHOOL BOARD OF PINELLAS
COUNTY, FLORIDA,

    Defendant.
_____/

## CASE MANAGEMENT AND SCHEDULING ORDER

The parties have consented to proceed before the undersigned (Docs. 19, 21). Pursuant to Fed. R. Civ. P. 16(b), this scheduling order concerns the managing of the discovery and pretrial process in advance of trial. Upon consideration of the parties' Amended Case Management Report (Doc. 15), it is hereby ORDERED:

1. The parties must adhere to the following deadlines:

   | | |
   |---|---|
   | **Rule 26 Initial Disclosures:** | 9/15/20 |
   | **Third-Party Claims/Joinder of Parties:** | 11/30/20 |
   | **Plaintiff's Expert Disclosure:** | 6/28/21 |
   | **Defendant's Expert Disclosure:** | 6/28/21 |
   | **Completion of Discovery:** | 8/28/21 |
   | **Mediation:** | 8/30/21 |
   | **Dispositive Motions:** | 9/13/21 |

2. Motions to amend any pleading or a motion for continuance of any pre-trial conference, hearing, or trial filed after the issuance of this Case Management and Scheduling Order are disfavored. *See* Local Rule 3.05(c)(2)(E).

1

3. Motions to file under seal are disfavored. Whether documents filed in a case may be filed under seal is a separate issue from whether the parties may agree that produced documents are confidential. Therefore, a party wishing to file under seal a document containing information it has designated as confidential must move the Court, consistent with the Local Rule 1.09, for permission to file the document under seal.

4. The discovery completion date referred to above means that all discovery must be completed by that date. Discovery should be served on an opposing party so that all discovery is completed timely and within the periods specified in the Federal Rules of Civil Procedure. Counsel, by agreement, may conduct discovery after the formal completion date; however, the Court will not resolve discovery disputes arising after the discovery completion date. *See* MIDDLE DISTRICT DISCOVERY (2015) at I.F.1.

5. On or before **August 30, 2021**, the parties are directed to conduct a mediation conference in accordance with Chapter Nine of the Local Rules of the United States District Court for the Middle District of Florida. Plaintiff's counsel is designated as Lead Counsel and shall be responsible for working with the Mediator and all other counsel, as well as any *pro se* parties if applicable, to schedule the mediation conference within the window of time set forth herein.

6. The following procedures apply to summary judgment motions:

    a. A motion for summary judgment should be incorporated in a single document not more than 25 pages, and the response to the motion should not exceed 20 pages (*see* Local Rule 3.01(a), (b));

    b. A party opposing a summary judgment motion has 14 days from the date of service to respond to the motion;

    c. The response is to include a legal memorandum, affidavits, and other evidence establishing the existence of a genuine issue for trial;

    d. No party shall file any reply or further memorandum directed to the motion or response allowed in (a) or (b) without leave of Court (*see* Local Rule 3.01(c));

    e. Unless otherwise ordered, the Court will not hold a hearing on the motion;

    f. The parties are hereby put on notice that the Court will take under advisement any motion for summary judgment (including all materials in support or in opposition thereto) 14 days from the date the motion was served;

    g. These summary judgment requirements apply both to counseled and *pro se* parties.

7. A final pretrial conference in accordance with Fed. R. Civ. P. 16(e) and Local Rule 3.06 is scheduled for **January 31, 2022, at 9:30 a.m.,** in Courtroom 11B, United States Courthouse, 801 North Florida Avenue, Tampa, Florida. The parties are to

timely adhere to all requirements of Local Rule 3.06 concerning Final Pretrial Procedures.

8. All meetings of counsel, including the pretrial conference, shall be attended by counsel who will participate in the trial of the case and are vested with full authority to make and solicit disclosures and agreements touching on all matters pertaining to the trial.

9. The **jury trial** in this case is scheduled to commence **February 28, 2022**, at **9:00 a.m.**. Estimated length of trial is 1-2 days.

10. No later than 10 days prior to the date on which the trial is set to commence, the parties shall file the following:

    a. A trial brief with citations of authority and with argument of the disputed issues likely to arise at trial;

    b. A concise (preferably one paragraph) joint statement of the action for presentation to the venire;

    c. A single jointly proposed set of jury instructions in order of presentation to the jury, together with a jointly proposed jury verdict form. Local Rule 5.01(c). The parties should be considerate of their jury, and therefore should submit short, concise special verdict forms. The Court prefers pattern jury instructions approved by the United States Court of Appeals for the Eleventh Circuit. A party may include at the appropriate place in the single set of jointly-proposed jury instructions a contested charge, so designated with the name of the requesting party and bearing at the bottom a citation

of authority for its inclusion, together with a summary of the opposing party's objection. The Court will deny outright a proposed instruction that is "slanted" in any way. **Any modifications to Eleventh Circuit pattern jury instructions are disfavored and shall be clearly marked and identified on the proposed jury instructions**. **The Court requires that the parties provide to the Court, via e-mail,[1] their proposed joint jury instructions and verdict form in Word format**. A link to the Pattern Jury Instructions Builder is available on the Court's website under "Helpful Links."[2]

    d. A single list of jointly-proposed questions for the Court to ask the venire during voir dire. The Court will conduct the initial voir dire and then allow each party an opportunity to conduct a limited voir dire.

11. On the first day of trial, the parties should provide the Courtroom Deputy Clerk with a CD or drive containing each party's exhibits. Each exhibit file shall be saved in a PDF format and identified by a file name listing the exhibit number. Additionally, the parties shall produce the original of their exhibits as necessary to be offered in evidence, or otherwise tendered to any witness during trial and two copies for the Court. All exhibits shall be appropriately pre-marked.

12. The parties are advised that the jury panel will consist of eight jurors and that all jurors will participate in the deliberations and verdict. Fed. R. Civ. P. 48.

---

[1] Judge Flynn's email address is as follows: chambers_flmd_flynn@flmd.uscourts.gov.
[2] "Helpful Links" can be found at http://www.flmd.uscourts.gov.

13. Counsel shall immediately notify chambers or the Courtroom Deputy Clerk if their case has settled. *See* Local Rule 3.08. Notices of settlement must also be filed in writing.

14. Attorneys permitted to practice law in the Middle District of Florida may bring personal electronic devices into the courthouse by presenting to the courthouse security a valid Florida Bar identification or *pro hac vice* order. *See* Standing Order 6:13-mc-94-ORL-22 for further details.

**ORDERED** in Tampa, Florida, on September 14, 2020.

SEAN P. FLYNN
UNITED STATES MAGISTRATE JUDGE