UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**JENNIFER HYKES,**

      **Plaintiff,**

v.

      Case No.: 8:20-cv-00806-SPF

**THE SCHOOL BOARD OF
PINELLAS COUNTY, FLORIDA,**

      **Defendant.**
_____/

**DEFENDANT'S REPLY TO PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Defendant hereby files its reply to Plaintiff's Memorandum of Law in Opposition to Defendant's Motion for Summary Judgment (Dkt. No. 35; Response).

**I.  Plaintiff Failed to Identify Any Additional Discovery Necessary for the Court to Rule on Defendant's Motion for Summary Judgment**

Plaintiff argues that Defendant's Motion for Summary Judgment is premature. (Response at 3–5).  The Eleventh Circuit has specifically encouraged the filing of early summary judgment motions, where appropriate, in order to avoid the time and expense of unnecessary discovery.  See, e.g., Cordoba v. Dillard's, Inc., 419 F.3d 1169, 1187-89 (11th Cir. 2005).  To the extent that Plaintiff suggests that a motion for summary judgment is improper before the conclusion of discovery, Plaintiff is incorrect.  Reflectone, Inc. v. Farrand Optical Co., 862 F.2d 841, 843–44 (11th Cir. 1989); see also Walsh v. Heilmann, 472 F.3d 504, 505 (7th Cir. 2006) ("Summary

judgment need not await discovery when the material facts are undisputed.").

Rule 56 provides the procedure for advising a district court of the need for further discovery prior to ruling on a summary judgment motion. Under Rule 56(d), a court may defer or deny a motion for summary judgment, allow additional time for discovery, or issue an appropriate order "[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition." Fed. R. Civ. P. 56(d). Plaintiff cannot rely on vague assertions that more discovery is necessary. City of Miami Gardens v. Wells Fargo & Co., 931 F.3d 1274, 1287 (11th Cir. 2019). Instead, Plaintiff "must specifically demonstrate how postponement of a ruling on the motion will enable him, by discovery or other means, to rebut the movant's showing of the absence of a genuine issue of fact." Id. (internal quotation marks omitted). The affidavit or declaration must set forth with particularity the facts expected to be discovered and how those facts would create a genuine issue of material fact precluding summary judgment. See Garner v. City of Ozark, 587 F. App'x 515, 518 (11th Cir. 2014). Failure to satisfy the rule 56(d) burden is fatal to an argument that the court granted summary judgment prematurely by failing to order or await the results of further discovery. City of Miami Gardens, 931 F.3d at 1286.

Plaintiff, however, does not mention Rule 56(d) or comply with the Rule's requirements. Plaintiff failed to proffer a declaration or affidavit setting forth with particularity the facts she expects to discover or how those facts would create a genuine issue of material fact precluding summary judgment. That alone is fatal to her argument. See Mathurin v. State Farm Mut. Auto. Ins. Co., 285 F. Supp. 3d 1311,

1324–25 (M.D. Fla. 2018) ("Plaintiff's failure to file an affidavit or declaration giving the specific reasons she cannot present facts essential to her opposition to State Farm's Motion for Summary Judgment—other than her mere assertion that summary judgment is premature because discovery has not been conducted—fails to meet the requirements of Rule 56(d)."). Additionally, Plaintiff makes only a vague assertion that she "has not been afforded the opportunity for discovery," which fails to meet the Rule 56(d) burden. Indeed, Plaintiff had over ten months to pursue discovery prior to Defendant filing its summary judgment motion. (See Dkt. No. 13 at 3). Plaintiff's Response fails to provide an explanation as to why Plaintiff did not have the opportunity for discovery during this period.

Further, no amount of additional discovery could suffice to establish Plaintiff's claims because those facts are within Plaintiff's control. When the evidence sought by the party resisting summary judgment is in the control of that party, Rule 56(d) does not allow for more time to conduct discovery. See, e.g., USA Football, Inc. v. Robinson, No. CIV. A. H-03-4858, 2004 WL 3363843, at *10 (S.D. Tex. Sept. 20, 2004) (denying Rule 56(d) request where evidence is peculiarly within the nonmovant's control, not the movant's); Nelson v. Tennessee Gas Pipeline Co., No. 95-1112, 2002 WL 1397253, at *6 (W.D. Tenn. June 11, 2002); Green v. Am. Broad. Companies, Inc., 647 F. Supp. 1359, 1364 (D.D.C. 1986) (denying request to permit plaintiff additional discovery before ruling on summary judgment motion because information necessary to support plaintiff's claim was within plaintiff's control).

Defendant has moved for summary judgment on Plaintiff's procedural due

3

process claim in part because Plaintiff failed to show that no adequate state remedies exist to address the procedural deprivation she purportedly endured. Plaintiff has control and knowledge of evidence showing that she pursued available administrative or state court remedies. Likewise, Defendant has moved for summary judgment on Plaintiff's First Amendment claim because Plaintiff's speech fails to satisfy the threshold "public concern" element. The relevant facts to this inquiry—the context, form, and content of Plaintiff's speech—are within Plaintiff's control and knowledge.

Despite Plaintiff having access to and control of any evidence she could use to establish a genuine issue of material fact if such evidence existed, Plaintiff failed to provide any evidence in opposition to Defendant's Motion for Summary Judgement. Instead, Plaintiff simply repeats and relies on unsupported allegations in the Second Amended Complaint, which is insufficient to oppose summary judgement. See Celotex Corp. v. Catrett, 477 U.S. 317, 324–25 (1986); United States v. Luznar, No. 617CV1744ORL18DCI, 2019 WL 1468517, at *2 (M.D. Fla. Feb. 15, 2019) ("A non-moving party bearing the burden of proof, however, must go beyond the pleadings and submit affidavits, depositions, answers to interrogatories, or admissions that designate specific facts indicating there is a genuine issue for trial."). The district court has all the information necessary to rule on the legal issues, and Plaintiff has raised no genuine question of material fact that would preclude summary judgment on either of her claims. See Burns v. Town of Palm Beach, 999 F.3d 1317, 1334 (11th Cir. 2021).

## II. Plaintiff Resigned Her Employment

When reputational damage is sustained in connection with a termination of employment, it may give rise to a procedural due process claim for deprivation of liberty, which is actionable under section 1983. Cotton v. Jackson, 216 F.3d 1328, 1330 (11th Cir.2000). However, "[i]f circumstances establish that an employee was not terminated and instead resigned voluntarily, due process is not implicated." Rademakers v. Scott, 350 F. App'x 408, 411 (11th Cir. 2009)) (citing Hargray v. City of Hallandale, 57 F.3d 1560, 1568 (11th Cir. 1995) (because employee "resigned of her own free will . . . she relinquished her liberty interest voluntarily and thus cannot establish that [defendant] 'deprived' her of it within the meaning of the due process clause"). As explained in Defendant's Motion for Summary Judgment, Plaintiff resigned her employment. (Dkt. No. 32 at 10–11). As such, Plaintiff cannot establish that she was deprived of any liberty interest. Rademakers, 350 F. App'x at 411–12 (finding no deprivation of liberty interest where plaintiff resigned before misconduct investigation concluded, ostensibly because she learned she was going to be fired).[1]

---

[1] Likewise, Plaintiff's voluntary resignation defeats her First Amendment retaliation claim because she cannot establish an adverse employment action. See Rodriguez v. City of Doral, 863 F.3d 1343, 1352 (11th Cir. 2017) ("If Rodriguez's resignation was voluntary—even though triggered by Defendants' actions—Rodriguez cannot show that he suffered an adverse employment action and cannot prevail on his First Amendment unlawful-retaliation claim."). Plaintiff has not attempted to meet the high burden to establish a constructive discharge. See,e.g., Nettles v. LSG Sky Chefs, 211 F. App'x 837, 839 (11th Cir. 2006) (explaining that "[a] constructive discharge occurs when a discriminatory employer imposes working conditions that are so intolerable that a reasonable person in [the employee's] position would have been compelled to resign.").

### III. Plaintiff Had the Opportunity to Avail Herself of Adequate State Remedies

Even if Plaintiff's resignation was considered a termination, Florida courts, through certiorari review, provide an adequate state remedy to redress procedural deprivations in government employment termination decisions. See McKinney, 20 F.3d at 1563–64; Johnston v. Borders, 724 F. App'x 762, 766–67 (11th Cir. 2018) ("Florida law permits certiorari review by an appellate court of the record of an inferior tribunal or agency in a quasi-judicial proceeding." (internal quotation marks omitted)). Florida also provides adequate state remedies for any procedural due process deprivation related to the alleged publication of false and stigmatizing information attending an adverse action by Defendant. See Cotton, 216 F.3d at 1330; see also Rodriguez v. City of Clermont, 681 F. Supp. 2d 1313, 1335 n. 22 (M.D. Fla. 2009) (explaining that Florida law recognizes a right of certiorari for public employees who are adversely affected by an employer's personnel action, including the alleged act of placing false and disparaging information in an employee's personnel file); Cromer v. Crowder, 273 F. Supp. 2d 1329, 1332–33 (S.D. Fla. 2003) (holding there was no § 1983 liberty and property interest procedural due process violation related to the alleged placement of false and stigmatizing information in a personnel file without the opportunity for a name-clearing hearing because Florida provides adequate state remedies through certiorari review of such actions); Emerson v. Bailey, 2009 WL 1930188, *8–10 (M.D. Fla. 2009) (dismissing procedural due process claim related to alleged false and stigmatizing statements concerning public employee's conduct released to the public and contained in his personnel file because "the Florida state

courts provide an adequate remedy for the procedural deprivation plaintiff claims he suffered").

The availability of these state remedies establish that Plaintiff cannot state a claim for a constitutional deprivation because these remedies were available and adequate to correct any procedural deficiency. Plaintiff provided no evidence in her Response to show that she pursued any remedy, that Florida failed or refused to make available a means to remedy the alleged procedural deprivation, or that the remedies available were inadequate. Accordingly, Defendant is entitled to judgment as a matter of law on Plaintiff's procedural due process claim.

DATED this 21st day of July, 2021.

Respectfully submitted,

*s/ Sacha Dyson*
SACHA DYSON
Florida Bar No.: 509191
sacha.dyson@gray-robinson.com
GREGORY A. HEARING
Florida Bar No. 817790
gregory.hearing@gray-robinson.com
KEVIN M. SULLIVAN
Florida Bar No.: 1003812
kevin.sullivan@gray-robinson.com
GRAYROBINSON, P.A.
401 East Jackson Street, Suite 2700
Post Office Box 3324 (33601-3324)
Tampa, Florida, 33602
Tel:  (813) 273-5000
Fax: (813) 273-5145
Attorneys for Defendant